IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL W. PAULSON,** | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 22-CV-0610** |
| | : | |
| **MARIO COLOUCCI,** *et al.*, | : | |
|     Defendants. | : | |

**<u>MEMORANDUM</u>**

**YOUNGE, J.**                                                                                                       **MARCH 2, 2022**

Plaintiff Michael W. Paulson, a convicted prisoner currently incarcerated at Delaware County Prison, brings this civil action pursuant to 42 U.S.C. § 1983, against several defendants including: (1) Mario Coloucci (Deputy Warden); (2) Zachary Serody (Correctional Officer – Sergeant); (3) Sergeant Brown (Correctional Officer – Sergeant); (4) Richard Leach (Chief of Security); (5) A. Johnson (Correctional Officer); (6) John Doe (Correctional Officer); and (7) The GEO Group, Inc. (Prison Management Corporation).  (ECF No. 2.)  Paulson seeks leave to proceed *in forma pauperis*.  (ECF No. 1.)  For the following reasons, the Court will deny Paulson leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g) and require that he pay the full filing fee if he wishes to continue with his case.

I.        **FACTUAL ALLEGATIONS**

Paulson's Complaint asserts prison condition type claims in connection with his placement in disciplinary segregation from December 24, 2021 through January 2, 2022.  (ECF No. 2 at 5, 14-19.)[1]  Paulson seeks $85.30 as reimbursement for stolen commissary items,

---

[1] The Court adopts the pagination assigned to the Complaint by the CM/ECF system.

punitive damages in the amount of $1.7 million, and the termination of Sergeants Serody and Brown.  (*Id.* at 5.)

Paulson has a history of litigating meritless claims in this District.  *See Paulson v. Serody*, E.D. Pa. No. 21-3920 (dismissing complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)); *Paulson v. Kelly*, E.D. Pa. No. 20-2653 (dismissing complaint for failure to state a claim and pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994)); *Paulson v. GEO Group. Inc.*, E.D. Pa. No. 19-6013 (dismissing amended complaint in its entirety for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)).

## II.   STANDARD OF REVIEW

The *in forma pauperis* statute, 28 U.S.C. § 1915, allows indigent litigants to bring an action in federal court without prepayment of filing fees, ensuring that such persons are not prevented "from pursuing meaningful litigation" because of their indigence.  *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir.2001) (*en banc*) (internal quotation marks omitted).  But, as Congress has recognized, people who obtain *in forma pauperis* status are "not subject to the same economic disincentives to filing meritless cases that face other civil litigants," and thus the provision is susceptible to abuse.  *Id.* (citing 141 Cong. Rec. S7498-01, S7526 (daily ed. May 25, 1995) (statement of Sen. Kyl)).  In particular, the number of meritless claims brought *in forma pauperis* by prisoners grew "astronomically" from the 1970s to the 1990s, *id.* (quoting 141 Cong. Rec. S14408-01, S14413 (daily ed. Sept. 27, 1995) (statement of Sen. Dole)), and "[p]risoner litigation continues to account for an outsized share of filings in federal district courts."  *Jones v. Bock*, 549 U.S. 199, 203 (2007) (internal quotation marks omitted).

"[I]n response to the tide of substantively meritless prisoner claims that have swamped the federal courts," Congress enacted the Prison Litigation Reform Act ("PLRA") in 1996.  *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quoting *Shane v. Fauver*, 213 F.3d 113, 117 (3d

Cir. 2000)) (internal quotation marks omitted), *abrogated in part on other grounds by Coleman v. Tollefson*, 135 S.Ct. 1759, 1763 (2015). Among other things, the PLRA implemented the so-called "three strikes rule," which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added). Put more simply, under the PLRA, a prisoner with three prior strikes can obtain *in forma pauperis* status only if he is in imminent danger of serious physical injury. Courts must consider a *pro se* prisoner's allegations of imminent danger "under our liberal pleading rules, construing all allegations in favor of the complainant." *Gibbs v. Cross*, 160 F.3d 962, 966 (3d Cir. 1998).

### III.   DISCUSSION

According to § 1915(g), a prisoner who on three or more prior occasions while incarcerated has filed an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied *in forma pauperis* status unless he was in imminent danger of serious physical injury at the time that the complaint was filed. *Abdul-Akbar*, 239 F.3d at 310-11. "[A] strike under § 1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013). "A strike-call under Section 1915(g) . . . hinges exclusively on the basis for the dismissal, regardless of the

decision's prejudicial effect." *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1724-1725 (2020), *abrogating Millhouse v. Heath*, 866 F.3d 152, 161 (3d Cir. 2017). As noted above, at least three of Paulson's civil actions, filed while he was incarcerated, have been dismissed as frivolous or because they failed to state a plausible claim for relief.

The Court concludes that the dismissals in the civil actions identified above count as strikes against Paulson. Each was filed while Paulson was incarcerated, and each was dismissed in its entirety for one of the reasons listed in § 1915(g). Accordingly, Paulson may not proceed *in forma pauperis* unless he was in imminent danger of serious physical injury at the time he brought his Complaint.

The "imminent danger" exception serves as a "safety valve" to ensure that a prisoner is not subject to serious injury due to his inability to pay a filing fee. *Ball*, 726 F.3d at 467. The imminent danger exception thus creates a narrow opening for a particular type of claim; it does not give prisoners a license to swamp the court with claims whenever they successfully state a claim of imminent danger. *See Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009) (concluding that the exception's "unmistakable purpose is to permit an indigent three-strikes prisoner to proceed IFP in order to obtain a judicial remedy for an imminent danger," not to allow such a litigant to "file an unlimited number of lawsuits, paying no filing fee, for anything from breach of a consumer warranty to antitrust conspiracy"). "Imminent dangers are those dangers which are about to occur at any moment or are impending." *Abdul-Akbar*, 239 F.3d at 315 (internal quotation marks omitted). A prisoner's allegation that he faced imminent danger in the past is "an insufficient basis to allow him to proceed *in forma pauperis*." *Ball*, 726 F.3d at 467 (quoting *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir.1999)) (internal quotation marks omitted). Practices that "may prove detrimental . . . over time," such as poor care for arthritis, also "do not represent imminent dangers," as the harm is not "about to occur at any moment."

*Id.* at 468 (quoting *Abdul-Akbar*, 239 F.3d at 315) (internal quotation marks omitted).  Finally, even if an alleged harm may in fact be "impending," it does not satisfy the exception if it does not threaten to cause "serious physical injury."  28 U.S.C. § 1915(g); *see also Ball*, 726 F.3d at 468 (suggesting that certain complaints, such as being forced to work in inclement weather, "may not be 'danger' at all") (citing *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)).  When considering whether imminent danger of serious physical injury has been alleged, courts may reject "vague" or "conclusory" allegations as insufficient to provide a basis for IFP status.  *Id.*

The Court finds that the allegations in Paulson's latest filing do not meet the imminent danger standard of Section 1915(g).  Paulson asserts that the alleged conditions of confinement claims took place while he was in disciplinary segregation from December 24, 2021 through January 2, 2022.  (ECF. No. 2 at 17-19.)  There are no allegations of imminent danger or any future imminent danger.  Accordingly, Paulson cannot qualify for the imminent danger exception.

### IV. CONCLUSION

For the foregoing reasons, the Court will deny Paulson's Motion to Proceed *In Forma Pauperis* pursuant to 28 U.S.C. § 1915(g).  Should Paulson desire to litigate his claims, he must pay the full filing fee in advance.  An appropriate Order follows.

**BY THE COURT:**

*/s/ John Milton Younge*
**JOHN M. YOUNGE, J.**